UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| LARRY T. LOFTIS, | ) | |
| No. 444500 | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:16-cv-00029 |
| | ) | Chief Judge Sharp |
| v. | ) | |
| | ) | |
| PUTNAM COUNTY SHERIFF'S DEPT., | ) | |
| | ) | |
| Defendant. | ) | |

# **M E M O R A N D U M**

The plaintiff, an inmate of the Putnam County Justice Center in Cookeville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Putnam County Sheriff's Department, alleging that the defendant violated his civil rights by subjecting him to "dry cell" punishment for six hours and by holding him for three years beyond his sentence expiration date. (Docket No. 1). As relief, the plaintiff seeks punitive damages and asks the court to reprimand Sergeant Jamie Emmerton and other individuals involved. (*Id*. at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. The plaintiff also has filed an amended complaint, as discussed below.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

The plaintiff brings his claim pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Amended Complaint

The plaintiff filed a pleading entitled "Prisoner Civil Rights" on May 17, 2016. (Docket No. 4). The court construes this document as a proposed amended complaint.

"The court should freely give leave [to amend] when justice so requires." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); Rule 15, Fed. R. Civ. P. A motion to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the nom-movant, or futility. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

There is no evidence before the court suggesting any intent on the part of the plaintiff to delay or prejudice this action by filing an amended complaint. The plaintiff's amended complaint is essentially identical to the original complaint other than the plaintiff seeks to add a habeas claim. Therefore, the court will accept and review the plaintiff's proposed amended complaint. (Docket No. 4).

### IV. Alleged Facts

The amended complaint alleges that, on April 23, 2016, while the plaintiff was an inmate of the Putnam County Sheriff's Department, Sergeant Jamie Emmerton "dry celled" the plaintiff's unit

3

for six hours. During this time, all inmates in plaintiff's unit were without drinking water and the ability to flush toilets. According to the amended complaint, the "dry cell" was a form of punishment due to two inmates yelling. After four hours, inmates asked Sergeant Emmerton to turn the water back on; he laughed and walked away. Inmates asked other officers to turn the water back on, and those officers said it was up to the Sergeant.

The amended complaint also alleges that the plaintiff is being wrongly incarcerated. According to the amended complaint, he has served over three years beyond his release date because his Social Security number has been entered incorrectly into the defendants' computer program. (Docket No. 4 at pp. 1-2).

V.     Analysis

   A.     Dry cell Eighth Amendment claims

First, with regard to the plaintiff's "dry cell" claims, the amended complaint names the Putnam County Sheriff's Department as a defendant. However, the Putnam County Sheriff's Department is not a a suable entity itself. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, the plaintiff's claims against the Putnam County Sheriff's Department must be dismissed.

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's complaint as an attempt to state a claim against Putnam County, Tennessee. However, while Putnam County is a suable entity, it is responsible under § 1983 only for its " own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51,

131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Slusher*, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Id.*; *see also Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the amended complaint are insufficient to state a claim for municipal liability against Putnam County under § 1983. The amended complaint does not identify or describe any of Putnam County's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Putnam County on notice of a problem. *See Okolo v. Metropolitan Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metropolitan Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metropolitan Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the court finds that the amended complaint does not contain sufficient allegations to state a claim for municipal liability against Putnam County. That claim, therefore, will be dismissed.

With regard to Sergeant Jamie Emmerton, the amended complaint alleges that he subjected the plaintiff to a "dry cell" punishment on one occasion for a duration of six hours. However, these allegations do not support a claim of cruel and unusual punishment in violation of the Eighth Amendment. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Williams v. Mehra*, 186 F.3d 685, 691–92 (6th Cir. 1999).

Here, the plaintiff has alleged a minor inconvenience or discomfort, neither of which rise to the level of an Eighth Amendment violation. *See Rhodes*, 452 U.S. at 347. He does not allege or

6

show that he has been, or is being, denied basic human needs and requirements. Neither does he allege that he sustained any injury as a result of the dry cell punishment. For these reasons, the plaintiff's claim that the temporary deprivation of water in his cell on one occasion as punishment violated his rights under the Eighth Amendment is not actionable. *Compare Hancock v. Avery*, 301 F. Supp. 786, 792 (Tenn.1969) (finding an Eighth Amendment violation where prisoner was subjected to "dry cell confinement" and "forced to sleep in the nude on a bare concrete floor without even the comfort of a blanket", was "deprived at all times of adequate light and ventilation", and "was provided with no means by which he [could] maintain his personal cleanliness, with the result that he [was] forced to live and eat under animal-like conditions."). Because the plaintiff's claim against Sergeant Emmerton fails to state a claim upon which relief can be granted, the claim will be dismissed.

B. **Habeas claims**

Next, the amended complaint alleges that the plaintiff is being held at his current place of confinement over three years beyond his release date due to a clerical error – an incorrect entry of his Social Security number. The plaintiff appears to name the following defendants in connection with this claim: the Putnam County Sheriff's Department, "J.A." Tim Nash, Circuit Court Clerk Marcia Borys, Sheriff Eddie Farris, and "Time Keeper" Kim Veers. (Docket No. 4 at p. 4).

The plaintiff's claims attacking the fact and/or validity of his continued confinement sound in *habeas corpus* and are not appropriately brought in a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement .** . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90

7

(1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even, as here, where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on her claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Under *Heck*, the plaintiff's claims concerning the validity of his continued confinement would be more appropriately brought in a separate petition for writ of *habeas corpus*, not in a civil rights complaint. The plaintiff's *habeas* claims will be dismissed <u>without prejudice</u>, should the plaintiff wish to pursue them via the appropriate legal route.

**VI.    Conclusion**

As set forth above, the proposed amended complaint will be accepted. However, the court finds that the amended complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte.* 28 U.S.C. § 1915(e)(2). Accordingly, this action will be dismissed. However, this dismissal is <u>without prejudice</u> to the plaintiff's ability to pursue any remedies

available to him pertaining to his release date by way of a petition for writ of *habeas corpus*.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge